**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GLORIA DEAN,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a foreign corporation; WAL-MART STORES, INC. d/b/a SAM'S CLUB, a foreign corporation; SAM'S WEST, INC., a foreign corporation<br><br>Defendant. | ) | No. 18-cv-8244 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COME the Defendants, **WALMART INC., incorrectly sued herein as WAL-MART STORES, INC., d/b/a SAM'S CLUB, and SAM'S WEST, INC.,** by and through their attorneys, O'Hagan Meyer LLC, as for their Answers to Plaintiff's Complaint at Law, states as follows:

**COUNT I - GLORIA DEAN v. WAL-MART STORES, INC.**

1. That on or about October 8, 2016 and at all relevant times herein, the Defendant, WAL-MART STORES, INC., a Delaware corporation, was organized and licensed to do business and existing under the laws of the State of Illinois.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 1 of Count I of Plaintiff's Complaint at Law.**

2. That at the aforesaid time and place, and at all relevant times herein, the Defendant did own, operate, manage, and control a certain property, located at or near 603 River Oaks West, Calumet City, Illinois 60409. (hereinafter "Premises")

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 2 of Count I of Plaintiff's Complaint at Law.**

3. That at the aforesaid time and place, and at all relevant times herein; the Defendant made said premises available to Plaintiff and said property was, in fact, used by Plaintiff.

**<u>ANSWER:</u> Defendant denies the allegations and legal conclusions of Paragraph 3 of Count I of Plaintiff's Complaint at Law.**

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, GLORIA DEAN, to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

**<u>ANSWER:</u> Defendant denies the allegations and legal conclusions of Paragraph 4 of Count I of Plaintiff's Complaint at Law.**

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

**<u>ANSWER:</u> Defendant denies the allegations and legal conclusions of Paragraph 5 of Count I of Plaintiff's Complaint at Law.**

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

**<u>ANSWER:</u> Defendant denies the allegations and legal conclusions of Paragraph 6 of Count I of Plaintiff's Complaint at Law.**

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of the Defendant, WAL- MART STORES, INC., to wit: negligently maintained walkway with liquid and/or foreign substance.

**<u>ANSWER:</u> Defendant denies the allegations and legal conclusions of Paragraph 7 of Count I of Plaintiff's Complaint at Law.**

8. That the Plaintiff did then and there fall due to the dangerous condition and/or liquid and/or foreign substance.

**<u>ANSWER:</u> Defendant denies the allegations and legal conclusions of Paragraph 8 of Count I of Plaintiff's Complaint at Law.**

9. That the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

**<u>ANSWER:</u> Defendant denies the allegations and legal conclusions of Paragraph 9 of Count I of Plaintiff's Complaint at Law.**

10. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there i n the exercise of due care and caution.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 10 of Count I of Plaintiff's Complaint at Law.**

11. That at the aforesaid time and place, and at all relevant times herein,' the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 11 of Count I of Plaintiff's Complaint at Law.**

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 12 of Count I of Plaintiff's Complaint at Law.**

13. That at the aforesaid time and place, and at all relevant times herein, the Defendant owed a duty to the Plaintiff, GLORIA DEAN, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order.to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 13 of Count I of Plaintiff's Complaint at Law.**

14. That at the aforesaid time and place, the Defendant, WAL-MART STORES, INC., negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a) permitted and allowed the aforesaid unreasonably dangerous condition at said Premises to be and remain in an unreasonably dangerous condition;

(b) failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

(c) failed to adequately maintain said Premises;

(d) maintained said Premises i n an open, defective condition for an unreasonable length of time;

(e) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant's negligence.

(f) failed to warn plaintiff of the aforesaid unreasonable dangerous condition of said premises.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 14 of Count I of Plaintiff's Complaint at Law, including subparagraphs (a) through (f) therein.**

15. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, WAL-MART STORES, INC., Plaintiff, GLORIA DEAN, suffered injuries and damages of a personal, pecuniary and permanent nature.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 15 of Count I of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant, WALMART INC., denies that the Plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed at Plaintiff's costs.

**COUNT II - GLORIA DEAN v. WAL-MART STORES.INC., d/b/a SAM'S CLUB**

1. That on or about October 8, 2016 and at all relevant times herein, the Defendant, WAL-MART STORES, INC., d/b/a SAM'S CLUB, a Delaware corporation, was organized and licensed to do business and existing under the laws of the State of Illinois.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 1 of Count II of Plaintiff's Complaint at Law.**

2. That at the aforesaid time and place, and at all relevant times herein, the Defendant did own, operate, manage, and control a certain property, located at or near 603 River Oaks West, Calumet City, Illinois 60409. (hereinafter "Premises")

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 2 of Count II of Plaintiff's Complaint at Law.**

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to Plaintiff and said property was, in fact, used by Plaintiff.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 3 of Count II of Plaintiff's Complaint at Law.**

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, GLORIA DEAN, to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 4 of Count II of Plaintiff's Complaint at Law.**

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 5 of Count II of Plaintiff's Complaint at Law.**

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 6 of Count II of Plaintiff's Complaint at Law.**

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of the Defendant, WAL- MART STORES, INC., d/b/a SAM'S CLUB, to wit: negligently maintained walkway with liquid and/or foreign substance.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 7 of Count II of Plaintiff's Complaint at Law.**

8. That the Plaintiff did then and there fall due to the dangerous condition and/or liquid and/or foreign substance.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 8 of Count II of Plaintiff's Complaint at Law.**

9. That the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 9 of Count II of Plaintiff's Complaint at Law.**

10. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

**<u>ANSWER:</u> Defendant denies the allegations and legal conclusions of Paragraph 10 of Count II of Plaintiff's Complaint at Law.**

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

**<u>ANSWER:</u> Defendant denies the allegations and legal conclusions of Paragraph 11 of Count II of Plaintiff's Complaint at Law.**

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

**<u>ANSWER:</u> Defendant denies the allegations and legal conclusions of Paragraph 12 of Count II of Plaintiff's Complaint at Law.**

13. That at the aforesaid time and place, and at all relevant times herein; the Defendant owed a duty to the Plaintiff, GLORIA DEAN, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

**<u>ANSWER:</u> Defendant denies the allegations and legal conclusions of Paragraph 13 of Count II of Plaintiff's Complaint at Law.**

14. That at the aforesaid time and place, the Defendant, WAL-MART STORES, INC., d/b/a SAM'S CLUB, negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a) permitted and allowed the aforesaid unreasonably dangerous condition at said Premises to be and remain in an unreasonably dangerous condition;

(b) failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

(c) failed to adequately maintain said Premises;

(d) maintained said Premises in an open, defective condition for an unreasonable length of time;

(e) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant's negligence.

(f) failed to warn plaintiff of the aforesaid unreasonable dangerous condition of said premises.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 14 of Count II of Plaintiff's Complaint at Law, including subparagraphs (a) through (f) therein.**

15. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, WAL-MART STORES, INC., d/b/a SAM'S CLUB, Plaintiff, GLORIA DEAN, suffered injuries and damages of a personal, pecuniary and permanent nature.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 15 of Count II of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant, WALMART INC., denies that the Plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed at Plaintiff's costs.

**COUNT III- GLORIA DEAN v. SAM'S WEST, INC.**

1. That on or about October 8, 2016 and at all relevant times herein, the Defendant, SAM'S WEST, INC., an Arkansas corporation, was organized and licensed to do business and existing under the laws of the State of Illinois.

**ANSWER: Defendant admits the allegations of Paragraph 1 of Count III of Plaintiff's Complaint at Law.**

2. That at the aforesaid time and place, and at all relevant times herein, the Defendant did own, operate, manage, and control a certain property, located at or near 603 River Oaks West, Calumet City, Illinois 60409. (hereinafter "Premises")

**ANSWER: Defendant admits it operated a retail store at the time and place alleged, but otherwise denies the remaining allegations and legal conclusions of Paragraph 2 of Count III of Plaintiff's Complaint at Law.**

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to Plaintiff and said property was, in fact, used by Plaintiff.

**ANSWER: Defendant admits that its premises are made available to the public, not Plaintiff specifically, but admits that the property was used by Plaintiff.**

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, GLORIA DEAN, to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

**ANSWER: Defendant admits Plaintiff was on its premises at the time and place alleged, but has insufficient information to admit or deny the allegations and legal conclusions of Paragraph 4 of Count III of Plaintiff's Complaint at Law.**

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

**ANSWER: Defendant admits the allegations of Paragraph 5 of Count III of Plaintiff's Complaint at Law.**

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 6 of Count III of Plaintiff's Complaint at Law.**

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of the Defendant, SAM'S WEST, INC., to wit: negligently maintained walkway with liquid and/or foreign substance.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 7 of Count III of Plaintiff's Complaint at Law.**

8. That the Plaintiff did then and there fall due to the dangerous condition and or liquid and/or foreign substance.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 8 of Count III of Plaintiff's Complaint at Law.**

9. That the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 9 of Count III of Plaintiff's Complaint at Law.**

10. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 10 of Count III of Plaintiff's Complaint at Law.**

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 11 of Count III of Plaintiff's Complaint at Law.**

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon sa1d Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 12 of Count III of Plaintiff's Complaint at Law.**

13. That at the aforesaid time and place, and at all relevant times herein, the Defendant owed a duty to the Plaintiff, GLORIA DEAN, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

**ANSWER: Defendant avers that duties arise through law and not through allegations of the pleader; Defendant admits to all legal duties and otherwise denies the allegations and legal conclusions of Paragraph 13 of Count III of Plaintiff's Complaint at Law.**

14. That at the aforesaid time and place, the Defendant, SAM'S WEST, INC., negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a) permitted and allowed the aforesaid unreasonably dangerous condition at said Premises to be and remain in an unreasonably dangerous condition;
(b) failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;
(c) failed to adequately maintain said Premises;
(d) maintained said Premises in an open, defective condition for an unreasonable length of time;
(e) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant's negligence.

(f) failed to warn plaintiff of the aforesaid unreasonable dangerous condition of said premises.

**ANSWER: Defendant denies each and every allegation and legal conclusion of Paragraph 14 of Count III of Plaintiff's Complaint at Law, including subparagraphs (a) through (f).**

15. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, SAM'S WEST, INC., Plaintiff, GLORIA DEAN, suffered injuries and damages of a personal, pecuniary and permanent nature.

**ANSWER: Defendant denies the allegations and legal conclusions of Paragraph 15 of Count III of Plaintiff's Complaint at Law; the Defendant further denies the Plaintiff was injured in the manner or to the extent claimed or as a result of the wrongdoing of Defendant.**

WHEREFORE, Defendant, SAM'S WEST, INC., denies that the Plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed at Plaintiff's costs.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, WALMART INC. and SAM'S WEST, INC., and for their affirmative defenses to Plaintiff's Complaint at Law, state as follows:

1. That before and at the time of the occurrence alleged in Plaintiff's Complaint at Law, Plaintiff was under a duty to exercise ordinary care for her own safety.

2. That if Plaintiff was injured and sustained damages as alleged in the Plaintiff's Complaint at Law, then the injuries and damages were sustained as a direct and proximate result of her breach of this duty when she committed one or more of the following negligent acts and/or omissions:

(a) Failed to keep a proper look out; and/or

(b) Failed to notice an open and obvious condition; and/or

(c) Was otherwise careless and negligent at the time of the incident.

3. The forgoing acts or omissions of Plaintiff were the sole proximate cause or contributing cause of the injuries and damages sustained by Plaintiff, if any.

WHEREFORE, Defendants, WALMART INC. and SAM'S WEST, INC., respectfully request that if the trier of fact finds in favor of the Plaintiff, GLORIA DEAN, on the issue of liability that any amount of damages awarded to the Plaintiff be reduced by the percent of negligence attributable to the Plaintiff that caused or contributed to the alleged injuries or damages. Alternatively, should the trier of fact find that Plaintiff's fault exceeds fifty percent (50%), that judgment be entered in favor of the Defendants and against the Plaintiff with prejudice and at the cost of the Plaintiff.

O'HAGAN MEYER, LLC

By: ______________________________

One of the Attorneys for Defendants

James P. Balog, Esq.
Lucas Sun, Esq.
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
312-422-6100
jbalog@ohaganmeyer.com
lsun@ohaganmeyer.com